

**SO ORDERED.**
**SIGNED this 4th day of February, 2020**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

<u>IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE</u>

In re   Jessica Marie Allen-Cooper

#19-32780  -  SHB
Chapter 13

Debtor(s)

<u>ORDER DISMISSING CHAPTER 13 CASE PRECONFIRMATION</u>

An Order was entered by the court sustaining an objection to confirmation and giving the debtor 10 days to file a new plan, and in the event no new plan is filed the case would be dismissed without further notice of hearing.  The debtor having failed to file a newc plan, it is hereby ORDERED that the case is hereby **DISMISSED**:

1.  Any wage order previously entered by this court is vacated, and the employer or other entity must cease withholding income for payment to the trustee.

2.  For services rendered in this chapter 13 case, the attorney for the debtor(s) is awarded a fee in the amount of $1,750.  This fee award is final unless within ten days after entry of this order: (1) the debtor(s) or chapter 13 trustee files an objection to the fee award; or (2) counsel for the debtor(s) files an application pursuant to Fed. R. Bankr. P. 2016(a) requesting a fee higher than the amount awarded herein.  In accordance with E.D. Tenn. LBR 9013-1(c), (d)(1), and (f), any objection filed by the chapter 13 trustee or application filed by counsel for the debtor(s) should be accompanied by a proposed order, contain a certificate evidencing service upon the debtor(s), chapter 13

trustee, and/or counsel for the debtor(s), as appropriate, and be set for hearing.  Any objection filed by the debtor(s) will be set for hearing by the clerk and notice given.

      3. The attorney's fee awarded herein shall be paid from any prepetition retainer held by counsel for the debtor(s), with the balance paid by the chapter 13 trustee from any plan payments held by the trustee, subject to paragraph 5 below.  In the event that counsel for the debtor(s) has received a retainer in an amount greater than the amount awarded herein, counsel shall refund the balance to the debtor(s) after first determining that the filing fee in the case has been paid or that the chapter 13 trustee has sufficient funds on hand from plan payments to pay the outstanding filing fee. If the filing fee has not been paid and the trustee does not have sufficient funds on hand to pay such fee, counsel for the debtor(s) shall transmit to the trustee from the retainer balance an amount sufficient to pay the filing fee or the remaining balance from the retainer, whichever is less.

      4. In accordance with 11 U.S.C. § 1326(a)(2), the trustee shall return any plan payments to the debtor(s) after payment in the following order of priority: (a) any unpaid filing fees; and (b) any other administrative expenses awarded under 11 U.S.C. § 503(b), including the attorney's fee awarded herein or by further order of the court.

###

APPROVED FOR ENTRY:


/s/ Gwendolyn M. Kerney, (w/perm pgm)
GWENDOLYN M. KERNEY, #07280
Chapter 13 Trustee
P O Box 228
Knoxville, TN.  37901
(865) 524-4995